UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
GARY LABARBERA, et al.,

                      Plaintiffs,

**REPORT AND RECOMMENDATION**

  - v -

CV-06-2867 (SLT)(VVP)

OVAN CONSTRUCTION, INC.,

                      Defendant.
----------------------------------------------------------x

      For the reasons below, the undersigned recommends that the defendant's pleadings be stricken and that a default be entered against the defendant in this action.

      Following the entry of summary judgment against the defendant on March 31, 2010, this matter was referred to me for a calculation of damages. At a conference on April 21, 2010, counsel for the defendant advised me that he was having difficulty communicating with his client and that he would likely be moving to withdraw. The court thereafter set a hearing on the application for May 7, 2010 at 4:00 p.m. and directed the defendant's counsel to serve his client with a copy of the court's order setting the hearing. That order specifically directed that an officer or duly authorized managing agent was required to appear at the hearing, and warned that if someone did not appear on behalf of the defendant, the defendant would be considered in default and subject to a default judgment. The defendant's counsel has filed a declaration that service of the order on his client was made in the manner directed by the court.

      At the hearing today, no one appeared on behalf of the defendant. Nor has the court received any submission or communication of any kind from the defendant. The defendants' counsel further advised the court that he had attempted to reach his client by telephone but had been unable to speak with his client, although he left voicemail messages concerning the hearing. He confirmed that his client has been unresponsive and uncooperative in pursuing the defense. As a result the court granted counsel's application to be relieved.

The defendant, being a corporation, is now unrepresented despite the requirement that corporations may only proceed in litigation by counsel. Moreover, it is apparent that the defendant has abandoned its defense of the action. Accordingly, I recommend that the defendant be held in default and that the case proceed to an inquest on damages before me.

\*        \*        \*        \*        \*        \*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 474, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrman*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Respectfully submitted,

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:     Brooklyn, New York
           May 14, 2010